IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| AVAYA, INC., | ) | |
| | ) | C.A. No. N14C-03-052 JTV CCLD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARTER COMMUNICATIONS | ) | |
| HOLDING COMPANY, LLC, and | ) | |
| CHARTER COMMUNICATIONS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

*Submitted: July 24, 2014*
*Decided: November 10, 2014*

Karen E. Keller, Esq., and David M. Fry, Esq., Shaw Keller, Wilmington, Delaware. Attorneys for Plaintiff.

Steven J. Balick, Esq., Andrew D. Cordo, Esq., and Stacey L. Newman, Esq., Ashby & Geddes, Wilmington, Delaware. Attorneys for Defendants.

*Upon Consideration of Plaintiff's*
*Motion for Summary Judgment*
**DENIED**

**VAUGHN, Judge**

## OPINION

This is a declaratory judgment action brought by the plaintiff, Avaya Inc., against the defendants, Charter Communications Holding Company, LLC and Charter Communications, Inc. (together "Charter").  The Complaint alleges that Avaya did not breach an agreement with Charter and had no obligation under the agreement to defend or indemnify Charter against a patent infringement action filed by Ronald Katz Technology Licensing LP.

Avaya has filed a Motion for Summary Judgment contending that Charter failed to give prompt notice of the Katz litigation, a necessary condition precedent before Avaya's defense and indemnification responsibilities are triggered.

## FACTS

The following facts are taken from the pleadings and the exhibits attached thereto.  To the extent that the facts are in dispute, the Court relies on the allegations contained in nonmoving Charter's response.

Charter is a broadband communications company that provides cable television, internet, telephone services and advanced video services to residential and business customers.  Avaya provides equipment, software and related services for call center systems and customer support.

On January 5, 2001, Charter and Avaya entered into a Master Purchase Service Agreement ("MPSA") for the purchase of Avaya equipment including a private branch exchange system, an automatic call distribution system, an interactive center, customer management software, interaction soft phones, and handsets or physical phones.

Section 13 of the MPSA, entitled "Patent and Copyright Indemnity," obligates Avaya to defend Charter in the event that any claim is brought against Charter related to Charter's use of Avaya products purchased under the MPSA:

A. Avaya will defend or settle, at its own expense, any claim or suit against you alleging that any Avaya Products purchased under this Agreement infringe any United States patent or copyright or trade secret. Avaya will also pay all damages and costs that may be assessed against you due to such infringement as such damages and costs are incurred. Avaya's obligation is expressly conditioned upon the following: (1) you shall promptly notify Avaya in writing of such claim or suit; (2) Avaya shall have sole control of the defense or settlement of such claim or suit; (3) you shall cooperate with Avaya in a reasonable way to facilitate the settlement or defense of such claim or suit; (4) the claim or suit does not arise solely from your modifications, or solely from use or combinations of Products provided by Avaya with non-Avaya products provided by you or others.

This section also requires Avaya to take specific action with respect to allegedly infringing products:

B. If any Avaya Products become, or in Avaya's opinion are likely to become, the subject of an infringement suit, Avaya will, at its option: (1) procure for you the right to continue using the applicable Products to the same extent as allowed under this Agreement and with equivalent functionality; (2) replace or modify the Products to provide you with a non-infringing product that is functionally equivalent; or (3) refund the purchase price or one-time

software license fee.[1]

Additionally, the MPSA contains a choice of law provision stating that it is "governed by the local laws (as opposed to the conflict of laws provision) of the State of New York."[2]

On September 1, 2006, Ronald A. Katz Technology Licensing, L.P., sued Charter for patent infringement in the United States District Court for the District of Delaware (the "Katz Lawsuit"). The Katz Lawsuit complaint alleged that Charter used "infringing call process systems to offer automated customer service, pay-per-view ordering service, and telephone bill pay services to their customers."[3] Charter was served the Katz Lawsuit complaint on September 5, 2001.

On July 2, 2007, Charter tendered its defense to Avaya, attaching a copy of the Katz Lawsuit complaint. Charter alleged that the Katz Lawsuit complaint made it clear that Avaya equipment and software purchased under the MPSA were implicated and gave Avaya the opportunity to assume control of the defense or settlement. On July 11, 2007, Avaya denied the tender asserting that the Katz Lawsuit complaint did not specifically allege infringement by an Avaya product and that the allegations included in the Katz Lawsuit complaint resulted from a combination of Avaya

---

[1] MPSA, Section 13(B).

[2] MPSA, Section 23.

[3] Defendant's Response to Plaintiff's Motion for Summary Judgment, dated June 23, 2014 at 4.

products and others' products.[4] The denial did not claim that there had been a failure to give prompt notice of the Katz Lawsuit.

On March 6, 2014, Avaya filed a complaint in this Court seeking declaratory judgment on the duty to defend and indemnify, while Charter filed an identical complaint in New Jersey Superior Court. On June 24, 2014, the New Jersey Superior Court dismissed Charter's action with prejudice.

On May 6, 2014, before Charter answered Avaya's complaint, Avaya filed this Motion for Summary Judgment.

## STANDARD OF REVIEW

Summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[5] "[T]he moving party bears the burden of establishing the non-existence of material issues of fact."[6] If a motion is properly supported, the burden shifts to the non-moving party

---

[4] Specifically, Avaya's denial letter stated:

While there may be other grounds for Avaya having no obligation to defend or indemnify in this matter, under Section 13 of the Master Purchase/Service Agreement dated January 5, 2010, for a defense and indemnity obligation to be triggered, there must be a Claim based upon an allegation that an Avaya Product infringes a patent. Nowhere in the Complaint does the plaintiff allege that an Avaya product infringes a patent. It is therefore our position that the products you have purchased from Avaya do not infringe any of the Katz patent claims.

[5] Super. Ct. Civ. R. 56(c).

[6] *Gray v. Allstate Ins. Co.*, 2007 WL 1334563, at *1 (Del. Super. May 2, 2007).

to establish the existence of material issues of fact.[7] In considering the motion, the facts must be viewed in the light most favorable to the non-moving party.[8] Thus, the court must accept all undisputed factual assertions and accept the non-movant's version of any disputed facts.[9] Summary judgment is inappropriate "when the record reasonably indicates that a material fact is in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances."[10]

## CONTENTIONS

Avaya contends that it is entitled to summary judgment because Charter failed to provide "prompt notice" as a matter of law. Avaya contends that "prompt notice" is an unambiguous condition precedent to Avaya's contractual obligation to defend and indemnify; that Charter waited ten months before notifying Avaya in writing about the Katz Lawsuit; that ten months is untimely as a matter of New York law; that there are not mitigating circumstances that would excuse Charter's late notice; that Avaya did not waive its "prompt notice" condition by failing to raise it in Avaya's initial denial letter; that the MPSA has a valid and enforceable no-waiver clause; that any additional issues that Charter advances are irrelevant to the issue of whether

---

[7] *Id.*

[8] *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 99 (Del. 1992).

[9] *Id.* at 99-100.

[10] *Mumford & Miller Concrete, Inc. v. New Castle Cnty.*, 2007 WL 404771, at *1 (Del. Super. Jan. 31, 2007).

Charter tendered prompt notice; and that the factual record is properly developed for summary judgment.

Charter contends that it needs additional discovery to thoroughly evaluate the circumstances regarding Avaya's notice of the Katz Lawsuit. Specifically, Charter alleges that Avaya waived its late notice defense as a matter of law when it did not include late notice in its denial letter; that whether notice is "prompt" depends on facts and circumstances that haven't yet been discovered; that "prompt" is not defined in the MPSA; that extrinsic evidence should be used to construe what constitutes "prompt notice" in this case; and that there are multiple issues that need additional discovery including whether Avaya was prejudiced by the timing of the tender.

## DISCUSSION

I am not persuaded that the fact alone of a ten month period between the commencement of the Katz Lawsuit and the giving of the July 2, 2007 notice constitutes lack of prompt notice as a matter of law. I agree with Charter that the phrase is subject to some interpretation, and that the interpretation may be influenced by attendant facts and circumstances.[11] Charter's contention that it should be given an opportunity to conduct discovery has merit. Avaya moved for summary judgment prior to any discovery and prior to Charter filing its answer. I believe it would be error to grant summary judgment at this early stage of the action.

Charter must be afforded the opportunity to conduct some discovery before the

---

[11] *Am. Transtech Inc. V. U.S. Trust Corp.*, 933 F. Supp. 1193, 1200 (S.D.N.Y. 1996).

*Avaya v. Charter Communications, et al.*
C.A. No. N14C-03-052 JTV
November 10, 2014

Court can properly find that there was a failure of prompt notice as a matter of law. Summary judgment may be proper after the parties have completed discovery, but I express no opinion on the issue here. I conclude that summary judgment is inappropriate at this juncture.

## CONCLUSION

For the foregoing reasons, Avaya's Motion for Summary Judgment is ***denied***.

**IT IS SO ORDERED.**

  /s/   James T. Vaughn, Jr.

oc:   Prothonotary
cc:   Order Distribution
       File